IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN POPOVICH, | : | CIVIL NO. 1:CV-13-1528 |
|     Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| MARIROSA LAMAS, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff Brian Popovich ("Popovich") filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging the denial of adequate medical care for his migraine headaches while confined at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania. Named as Defendants are SCI-Rockview employees Marirosa Lamas, Superintendent; William Williams, Corrections Health Care Administrator; and Tammy Ferguson, Deputy Superintendent. Also named as a Defendant is Dr. Goobian, who has not yet been served with the complaint.[1] Before the Court for consideration are Plaintiff's motion for extension of time to file a brief in support of his complaint (Doc. No. 11) and his motion for the appointment of counsel.[2] (Doc. No. 12.) For the reasons that follow, the motions will be denied.

I.   **Background**

Popovich complains that he has reported to the prison medical clinic at SCI-Rockview with continuous migraine headaches, and that the medical personnel have failed to find out what

---

[1] It appears that this Defendant may be a contract physician who worked at SCI-Rockview at the relevant time. According to Defendants, the correct spelling of Dr. Goobian's name is "Goubran."

[2] Also pending on the docket is Defendants' motion to dismiss the complaint. Because Popovich has failed to oppose the motion, he will be directed to do so.

is wrong with him. He alleges that his requests for a neurological consultation have been refused, even though the prison doctors have failed to properly diagnose and treat his problem. According to Popovich, the doctor misdiagnosed his problem and Defendant Williams denied him proper treatment. It is further alleged that Defendant Ferguson believes the medical team is correct and has supported their decisions. Popovich further claims that Defendant Lamas has failed to question the medical staff or direct them to provide him with a neurological consult. As a result, Popovich states that his headaches are so severe that he has passed out on several occasions and has lost his vision several times. He seeks declaratory, injunctive, compensatory and punitive relief.

Defendants Lamas, Williams and Ferguson have filed a motion seeking to dismiss the complaint on the basis that any claims against them for monetary damages in their official capacities are subject to dismissal. (Doc. No. 21.) They further seek dismissal of the deliberate indifference claims against them on the basis that they are non-medical defendants. To date, Plaintiff has failed to file any opposition to the motion.

**II.     Discussion**

A. Motion for Appointment of Counsel

In moving for the appointment of counsel, Popovich argues that he is a layman and lacks the understanding of court rules and procedures. He also states that he is incapacitated due to the headaches he suffers. (Doc. No. 12.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Barham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak,

2

294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Popovich's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint and other

filings to date, Popovich is clearly literate and able to litigate this action on his own. He has demonstrated the ability to prepare and file documents with the Court in support of the claims he seeks to pursue. Although he may suffer from migraine headaches at times, this does not appear to have impacted his ability to litigate his claims as evidenced by the docket in this action. It cannot be said, at least at this point, that Popovich will suffer substantial prejudice if he is required to proceed with the prosecution of this matter on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Popovich to litigate this action, weigh against the appointment of counsel. His pending motion will be denied without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

      B. Motion for Extension of Time

Popovich also moves for an extension of time within which to file a brief in support of his complaint. (Doc. No. 11.) He seeks a sixty (60) day enlargement of time before being required to file his supporting brief ". . . to allow the defendants ample time to correct the failure of the SCI-Rockview medical staff to perform the test and receive the results, which then are set forth with a proper diagnosed plan to sufficiently allow Complainant treatment to correct [his] serious medical problem." (Id. at 2.)

Without unnecessary elaboration, the motion for extension of time will be denied. Popovich is not required to file a brief in support of his complaint. In fact, as set forth in Federal Rule of Civil Procedure 7(a), the only pleadings allowed are the following: a complaint, an answer to a complaint; and answer to a counterclaim designated as a counterclaim; an answer to

a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer.  See Fed. R. Civ. P. 7(a).  Accordingly, the motion for extension of time to file a brief in support of the complaint will be denied.  An appropriate order follows.