IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN POPOVICH,** | : | CIVIL NO. 1:CV-13-1528 |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **MARIROSA LAMAS, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Brian Popovich ("Popovich"), an inmate confined at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania, files this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Named as Defendants are Superintendent Marirosa Lamas, Deputy Superintendent Ferguson and Health Care Administrator Williams, all SCI-Rockview employees. Also named is "Dr. Goobian," who appears to be an employee of Wexford Health Care Services, Inc., the contract medical care provider for SCI-Rockview.[1] Presently before the Court is the Corrections Defendants' motion to dismiss the complaint. (Doc. No. 20.) For the reasons that follow, the motion will be granted.[2]

---

[1] The correct spelling of Dr. Goobian's name is Goubran. Although service of the complaint was directed on this Defendant, there has been no return of service. This could be due to either the misspelling of his name and/or the fact that he is not an employee of SCI-Rockview, but rather, Wexford Health Care Services, Inc. As such, the Clerk of Court will be directed to correct the spelling of Dr. Goubran's name on the docket and service on this Defendant will be redirected.

[2] In his brief in opposition to Defendants' motion to dismiss, Popovich appears to request the appointment of counsel. He generally states that he does not have the financial means or the mental ability to litigate his action. (Doc. No. 26 at 3.) Requests for relief are properly presented to the Court by way of a formal motion. However, even in considering the request, the motion is denied for the reasons previously set forth in this Court's Memorandum issued on December 2, 2013, denying Popovich's first request for counsel. (Doc. No. 24.) Popovich comes

I.  **Allegations in the Complaint**

On or around September 17, 2012, Popovich went to the medical clinic at SCI-Rockview because he was suffering from continuous migraines. He claims that the doctors and physicians assistants there failed to determine what was wrong with him. (Doc. No. 1, Compl. at 3.) Although he requested to be seen by a neurologist, his request was refused. He further alleges that the doctor failed to properly diagnose and treat him. He states that at times he has lost his balance and vision and thinks he may have a brain tumor. (Id.)

Popovich claims that Defendant Williams, the CHCA at SCI-Rockview, denied him proper treatment. Popovich does not allege what treatment was denied or would have been proper. He further maintains that Deputy Superintendent Ferguson feels that the medical team is correct with respect to the decisions they make and that Superintendent Lamas has failed to direct the medical staff to provide him with a neurological examination. He also claims that he has been provided with a series of wrong medications that have not worked. He seeks injunctive, compensatory and punitive relief. (Id. at 5-6.)

II. **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v.

---

forth with no new arguments warranting the appointment of counsel that were not previously considered and rejected by the Court.

County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 556. "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

**III. Discussion**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192,197 (3d Cir.1999)(citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action.  Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997).  The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 841.  Only egregious acts or omissions can violate this standard.  See White v. Napoleon, 897 F.2d 103, 108-10 9 (3d Cir. 1990).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ."  Estelle, 429 U.S. at 106.  "Allegations of medical malpractice are not sufficient to establish a Constitutional violation."  Spruill, 372 F.3d at 235.   An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

Prison officials who are not doctors are entitled to defer to the medical judgment of staff physicians.  Smith v. O'Boyle, 251 F. App'x 87 (3d Cir. 2007.)  In Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), the Third Circuit quoted its earlier opinion in Durmer v. O'Carroll, 991

F.2d 64, 69 (3d Cir. 1993) that non-medical prison officials are not

> [...] considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [...] If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner a non-medical official [...] will not be chargeable with [...] deliberate indifference [under the Eighth Amendment].

Spruill, 372 F.3d at 236 (quoting Durmer, 991 F.2d at 69). In other words, a non-medical supervisory official may only be held liable if there was knowledge of deliberate mistreatment by medical personnel.

In their motion to dismiss, Defendants Lamas, Williams and Ferguson argue that even assuming Popovich has a serious medical need, he fails to state a claim against them in that as non-medical personnel, they were entitled to defer to the judgment of the medical staff treating him. Defendant Lamas is the Superintendent at SCI-Rockview and not involved in Popovich's medical care. The only allegation in the complaint with respect to Lamas is that she did not direct the medical personnel to provide him with a neurological consult. Deputy Superintendent Ferguson only informed Popovich that he supported the medical team's decisions. It is clear that Popovich was being seen and treated by medical staff at the prison. In the complaint he references being seen by doctors and physicians assistants, and being given medications that he claims did not work. Lamas and Ferguson, as prison supervisory personnel, were neither involved in Popovich's medical care, nor are there any allegations indicating they knew or had reason to believe he was being mistreated. To the extent either of these Defendants is alleged to have denied grievances with respect to Popovich's medical issues, the failure to take corrective

action in response to a grievance does not establish the required personal involvement in the alleged constitutional wrongs.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior).  For these reasons, Lamas and Ferguson were entitled to rely on the professional judgment of the medical staff, and will be dismissed from this action.

For the same reasons, Defendant Williams is properly dismissed from this action.  In his capacity as Health Care Administrator, he is not deliberately indifferent if he failed to respond to Popovich's medical complaint while he is under the care of medical professionals.  See Spruill, 37 F.3d at 256.  Williams served in a management capacity and it was not his responsibility to order treatment for Popovich.  Williams' reliance on the opinion of medical professionals, even as Popovich expressed his dissatisfaction with the treatment he was receiving, does not show that Williams possessed knowledge of deliberate mistreatment.  Id. at 236-37.  In fact, the only allegation against Williams set forth in the complaint is that he denied Popovich proper treatment.  For these reasons, Williams will be dismissed from this action.  An appropriate order follows.