UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN POPOVICH,          :
                         :
        Plaintiff        :   CIVIL NO. 1:13-CV-01528
                         :
    vs.                  :
                         :
MARRISA LAMAS, et al.,   :   (Judge Kane)
                         :
        Defendants       :

**MEMORANDUM**

**Background**

On June 7, 2013, Plaintiff Brian Popovich, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania ("SCI-Rockview"), filed a complaint pursuant to 42 U.S.C. § 1983 against the following four individuals employed at SCI-Rockview; (1) Marrisa Lamas, Superintendent; (2) Ted Williams, Chief Health Care Administrator; (3) Dr. Michel Goubran; and (4) Tammy Ferguson, Deputy Superintendent. (Doc. No. 1.) Defendants Lamas, Williams and Ferguson filed a motion to dismiss the complaint on August 22, 2013, which the court granted by memorandum and order of March 11, 2014. (Doc. Nos. 28, 29.) Dr. Goubran has not been served with the complaint.

On February 25, 2016, the court issued an order dismissing and closing this case because Popovich failed to provide the court with the current address of Dr. Goubran. On April 4, 2016, more than thirty (30) days after the court closed this case, Popovich filed a motion to reopen the case in which he claimed that he did not receive the court's order of August 25,

2015, directing him to provide the court with the current address of Dr. Goubran. There was no indication on the court docket that the order of August 25, 2015, was returned to the court by the United States Postal Service as undeliverable. Furthermore, there was no indication that Popovich failed at any point to receive orders issued by this court relating to his case.  This case was originally filed in June, 2013, and Popovich in his motion to reopen still failed to provide the current address of Dr. Goubran. By order of April 19, 2016, the court denied the motion but stated that the court would consider a subsequent motion to reopen if Popovich within 90 days provided the court with the current address of Dr. Goubran.  Furthermore, because Popovich claimed that he did not receive our order of August 25, 2015, and such claims are easy to make but hard to verify, the court, in addition to regular mailing, directed Chase M. DeFelice, Esquire, or other attorney with the Pennsylvania Department of Corrections to serve a copy of this order on Popovich and file a return of service with the court.

On April 26, 2016, the Pennsylvania Department of Corrections filed a document entitled "Personal Service of April 19, 2016, Court Order" in which Popovich acknowledged by affixing his signature thereto that he had received a copy of this court's order of April 19, 2016.

On May 31, 2016, Popovich filed a motion to reopen the case in which he states that the remaining defendant's name and

address is as follows: Dr. Michel Goubran, 256 New Castle Road, Suite C, Butler, Pennsylvania 16001.

A review of the complaint reveals that Popovich claims that he suffered from migraine headaches, that he requested a neurological consultation which was refused, and that prison medical staff failed to properly diagnose and treat his problem. (Doc. No. 1, at 3.) Popovich claims that the headaches caused him to pass out on more than one occasion, he lost his vision a couple of times and he was "given a series of wrong medications as they have not worked as to the time of this 1983 filing of civil lawsuit." Id. Popovich does not identify Dr. Goubran as the individual who mis-diagnosed his condition or gave him the wrong medications. Id. Furthermore, the complaint does not indicate when Dr. Goubran examined or treated Popovich.  Dr. Goubran is not named in the statement of claim section of the complaint, only in the caption and the section of the complaint listing the defendants.  For the reasons set forth below, the court will dismiss the complaint with leave to file an amended complaint and deny the motion to reopen but sua sponte reconsider the motion to reopen if Popovich files an amended complaint.

**Discussion**

Because Popovich complains about "prison conditions," the screening provisions,  28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") apply, given that Popovich was granted in forma pauperis status to pursue this suit.  The court

3

has an obligation to dismiss a complaint under the PLRA screening provisions "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000); 28 U.S.C. § 1915(e)(2)(B).

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127

4

S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the question of whether a complaint states a claim, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

Furthermore, pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is

alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003);  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995);  Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach.  Martinez v. California, 444 U.S. 277, 285 (1980).[1]  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  See Monell v. Department of

---

1.  The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."  Id.

Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay
v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Rode v.
Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Popovich must allege that Dr. Goubran was personally
involved in the events or occurrences that underlie the claim.
See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003), (citations
omitted).  Liability may not be imposed under Section 1983 on the
principle of respondeat superior.  Capone v. Marinelli, 868 F.2d
102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison
Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).  Rather,
"supervisory personnel are only liable for the § 1983 violations
of their subordinates if they knew of, participated in or
acquiesced in such conduct."  Id. at 106 n.7.

To establish an Eighth Amendment claim under § 1983,
Popovich must show that the prison official acted with "deliberate
indifference" to a substantial risk of serious harm.  Farmer v.
Brennan, 511 U.S. 825, 827 (1994) (citing Helling v. McKinney, 509
U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v.
Gamble, 429 U.S. 97 (1976)).  In other words, the official must
know of and disregard an excessive risk to inmate health or
safety.  Natale v. Camden County Corr. Facility, 318 F.3d at 582;
Farmer, 511 U.S. at  837.  This standard "affords considerable
latitude to prison medical authorities in the diagnosis and
treatment of the medical problems of inmate patients.  Courts will
'disavow any attempt to second guess the propriety or adequacy of

a particular course of treatment. . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components. Wilson v. Seiter, 501 U.S. at 298. Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id. The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". Id.

The objective component of an Eighth Amendment medical care claim, i.e., whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.  1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); West v. Keve, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. See Monmouth County Correctional

Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977).

Assuming, without deciding, that Popovich's medical need was serious in the constitutional sense, the allegations in the complaint illustrate that Popovich received medical attention.  At best, Popovich's complaint demonstrates his disagreement with the scope and extent of treatment by the medical personnel at SCI-Rockview.  Popovich in his complaint indicates that he was seen by medical personnel and provided medications, although as stated he does not identify Dr. Goubran. Popovich's disagreement with the course of treatment, however, does not serve as a predicate to liability under § 1983. See, White v. Napoleon, 897 F.2d at 108-110(No deliberate indifference claim is stated when a doctor disagrees with the professional judgment of another doctor since "[t]here may, for example, be several acceptable ways to treat an illness."); Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 762(claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another).

The allegations contained within the complaint establish efforts by the medical personnel at SCI-Rockview to provide Popovich with necessary medical care, and an attendant mental state that falls short of deliberate indifference.

Further, a complaint that a physician or a medical department was "negligent in diagnosing or treating a medical

condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. More than two decades ago, the Third Circuit held that "[w]hile the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also Spruill, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.").

When an inmate is provided with medical care and the dispute is over the adequacy of that care, no Eighth Amendment claim exists. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice[.]" Estelle, 429 U.S. at 107. A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See McFadden v. Lehman, 968 F. Supp. 1001 (M.D. Pa. 1997); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992).

Popovich apparently is merely taking issue with Dr. Goubran's medical judgment. In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical

10

treatment is insufficient to establish deliberate indifference. See <u>Durmer v. O'Carroll</u>, 991 F.2d at 69.

Under even the most liberal construction, the complaint is in violation of Rule 8 and fails to state a claim on which relief may be granted.  It does not give Dr. Goubran fair notice of what Popovich's claims are and the grounds upon which the claims rest.  There are no factual allegations with respect to when Dr. Goubran was involved in wrongdoing. Even taking into account the fact that Popovich is proceeding <u>pro</u> <u>se</u>, the complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.  Accordingly, the complaint is subject to <u>sua sponte</u> dismissal by the court.  See <u>Ala' Ad-Din Bey v. U.S. Department of Justice</u>, 457 Fed.Appx. 90, 91 (3d Cir. 2012)(quoting <u>Salahudin v. Cuomo</u>, 861 F.2d 40 (2d Cir. 1988)).

Although the complaint as filed fails to state a cause of action against Dr. Goubran, it is possible that the deficiencies may be remedied by amendment.  Consequently, Popovich will be granted such opportunity.  Popovich is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify when Dr. Goubran provided treatment and how he was

deliberately indifferent.  If Popovich fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

An appropriate order will be entered.